Then Chairman Booker issued an Order on February 1, 1992 compelling defendant to comply with certain provisions of Deputy Commissioner Ford's Opinion and Award which were not in dispute on appeal. Then Chairman Booker also imposed on defendant a ten percent penalty on all unpaid funds pursuant to N.C.G.S. §97-86.1. Defendants have cross appealed on the issue of the ten percent penalty.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. A North Carolina Industrial Commission Form 21, Settlement Agreement dated May 16, 1990 appears in the commission file.
2. Plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant on July 28, 1989.
* * * * * * * * * * *
FINDINGS OF FACT
1. On July 28, 1989, plaintiff, who had been working for the defendant since September of 1986, was employed by defendant as a cook manager.
2. On July 28, 1989, plaintiff sustained an injury to her left elbow arising out of and in the course of her employment with the defendant as she was lifting a can of peanut oil with her right hand and tipping it with her left hand to pour its contents into a deep fryer.
3. Plaintiff was taken the same day to a local emergency room for treatment and thereafter received medical treatment for her left elbow condition witch was diagnosed as neuropsychosis.
4. After a few weeks out of work, plaintiff returned to her occupation with defendant and continued to work until February 1990, when she began to experience pan in her left shoulder, and after hospitalization and ruling out of a heart involvement, she continued with further medical treatment.
5. After her hospitalization, plaintiff was diagnosed with thoracic outlet syndrome and on April 4, 1990 underwent a surgical procedure to reweave the pain which she was experiencing by removing the first rib on her left side.
6. Thereafter, plaintiff professes the surgical procedure failed to afford her any relief from her pain and her condition has grown worse in spite of continued medical care and treatment by hospitalization, hypodermic injection, physical therapy, and the ingestion of five prescription medications.
7. Plaintiff has been medically tested by x-ray and MRI examined by at least three physicians and no physical or objective cause for her pain has been discovered.
8. Although plaintiff sustained a compensable injury to her left elbow and arm on July 28, 1989, the pain which she is experiencing and has experienced since February of 1990 is not due to or a result of said injure on July 28, 1989.
9. Plaintiff reached maximum medical improvement with respect to her left arm on January 31, 1991 when said left upper extremity was medically rated.
10. Plaintiff has sustained a twenty-five percent permanent partial disability to her left upper extremity.
11. Plaintiff has lost no time from work as a result of the injury of July 28, 1989 other than that for which she has been fully compensated by defendants.
12. Plaintiff was earning an average weekly of $240.75 on July 28, 1989.
13. On February 1, 1993 then Chairman Booker entered an order compelling defendant to comply with the provisions of Deputy Commissioner Ford's October 8, 1992 Opinion and Award. Then Chairman Booker additionally ordered defendant to pay a ten percent penalty on all unpaid funds pursuant to N.C.G.S § 97-86.1.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On July 28, 1989, plaintiff sustained an injury by accident arising out of an in the course of her employment with defendant to her left elbow and arm.
2. Plaintiff is entitled to be paid no further temporary total disability compensation benefits under the act.
3. Plaintiff is entitled to permanent partial disability compensation benefits for sixty weeks at the rate of $160.50 per week commencing January 31, 1991.
4. N.C.G.S. § 97-86.1(a) applies to appeals from the Full Commission to the Court of Appeals, and not to appeals from a Deputy Commissioner to the Full Commission. CITE (you said look at Lewis' opinion in the Estes case, I do not understand how that case was on point, it deals with 97-88 not 86.2).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay to plaintiff permanent partial disability compensation benefits for sixty weeks at the rate of $160.50 per week commencing January 31, 1991. Said amount has accrued and shall be paid in a lum p sum subject to an attorneys fee hereinafter approved.
2. Defendants shall pay all medical expenses resulting from said injury up to the date of this Opinion and Award and no further when the same have been presented to the Commission through the Carrier and approved by said commission.
3. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to John P. McElwee for his services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
4. The portion of Chairman Booker's order of February 1, 1992 which assesses a penalty on unpaid funds pursuant to N.C.G.S. § 97-86.1 is hereby SET ASIDE.
5. Each side shall bear their own costs.
 S/ _________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _________________________ COY M. VANCE DEPUTY COMMISSIONER